Casey, Oh. J.,
concurring:
I concur in the conclusions reached by the court in this case, but do not fully conoide with all the doctrines announced in the opinion of my brother Loring, just read. The relations of the citizen to the government, theoretical and practical, in this free representative republic, are widely different from those of the subjects of monarchies and empires to their sovereigns. There, in theory at least, all the powers of government, executive, legislative, and judicial, are vested in or derived from the ruler. He represents in his person and character the sovereignty and power of the nation; and hence is considered of *686 such supreme dignity and excellence that he is not amenable to the tribunals that regulate, define, and enforce the rights of subjects as between themselves. And the privilege of impleading the sovereignty in any of his own courts, by any of his subjects, is considered as a mark of special grace and favor to such sub-iect, and of great condescension on the part of the sovereign.
But here the whole structure of the government rests upon different principles, and that difference is fundamental and radical. Here all the just powers of government are derived from the people, are vested in them, and exercised by and for them. A portion of this sovereignty is delegated to the chosen officers of the government by the Constitution, the organic law of this society. But they exercise only a limited, prescribed, and derivative authority, the ultimate and supreme sovereignty of the State resting in the people alone. These' delegated powers are to be exercised for the purposes, in the mode, and by the functionaries designated in the Constitution. And none of their acts, designed to protect private rights, to promote public justice, to insure domestic tranquillity and social order, and thus secure to all the people the blessings of liberty and free government, can be regarded as matters of grace and favor, but are the undoubted right, the inalienable heritage of every citizen.
This fundamental law vests all the delegated powers of government in three departments — the legislative, executive, and judicial. All the judicial powers of this government are “ vested in one Supreme Court, and in such inferior courts as the Congress may from time to time establish.” And this power so vested extends, among other things, “to controversies to which the United States shall be a party.” Whatever, therefore, constitutes a judicial question, and in its operation and enforcement involves the exercise of judicial powers and functions, can only, under our system, be x>roperly referred to a regularly constituted court.
It is not within the constitutional faculties of Congress or the executive, or both combined, to exercise judicial power, or to vest it in any other officers or department other than the regularly constituted courts of the nation. And whenever there is a controversy to be decided, or a right to be established, between the United States on the one side and a citizen on the other, involving the exercise of judicial powers and functions, *687 that is, embracing- controverted questions of law, or disputed matters of fact, it is the undoubted right of the citizen to have that question decided by a court. At the same time, it is as plainly the duty of the government to provide a proper tribunal and prescribe the means by which such matter can be judicially determined. In this there is no grace and favor conferred on the one side, nor a special privilege received on the other. But, on the contrary, the government but discharges its duty, and the citizen receives only that which he had a right to demand.
I cannot give my assent to the proposition that the power to sue the government in this court is a privilege bestowed by Congress, and not a right conferred by the Constitution. The grant of such a right to the citizen is as express and explicit as any other contained in the Constitution of the United States. And it is as much the duty of Congress to provide such a tribunal and to define the mode of proceeding in judicial controversies between the United States and its citizens as it is to lirovide for the same cases between man and man.
I fully adhere to the doctrine contained in my dissenting opinion in Pargoud’s Case, (4 C. Cls. R., p. 344.)